UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Mark Arsenault</u>

    v.                    Civil No. 07-360-JL

<u>American General Life
Insurance Company</u>

**<u>O R D E R</u>**

Having reviewed the motion (document #16), the objection (document #19), the reply (document #24), and all the exhibits thereto, as well as having presided over the motion practice regarding the requested protective order, the court is concerned with the defendant's approach to discovery in this case.

After having failed to address the issue of a protective order in its Local Rule 26.1 Discovery Plan, the defendant engaged in a lengthy dispute over a protective order which resulted in a court hearing.  Similarly, after stipulating to the "standard" track in its Local Rule 26.1 Discovery Plan, the defendant now suggests staying the proceedings (including discovery) regarding the plaintiff's bad faith claim.  That suggestion--presented to the court not in a motion, but rather in an objection to a largely meritorious motion to compel--is not well-received by the court.

Still, while the court does not consider the plaintiff's motion to compel to be premature, it is not clear that the

parties have undertaken in earnest the type of efforts contemplated by Rule 37 to resolve this discovery dispute.  See Fed. R. Civ. P. 37(a)(1); 37(d)(1)(B).

Thus, the parties are ordered to confer in a good faith attempt to resolve the issues raised by the defendant's answers to interrogatories and responses to document requests.  On or before **May 14, 2008**, the parties shall jointly certify to the court that they have so conferred, and inform the court regarding any interrogatory or document request dispute which remains unresolved.  **The plaintiff is entitled to take discovery regarding all claims set forth in the complaint, including the "bad faith" claim.**  Upon receipt of the parties' joint certification as described above, the court will resolve any remaining disputed interrogatories or document requests.  If, and only if, there still remain matters to be resolved, the court will *sua sponte* consider the imposition of sanctions under Rule 37(a)(5).

   **SO ORDERED.**

/s/ Joseph N. Laplante
Joseph N. Laplante
United States District Judge

Dated:  May 7, 2008

cc:  John P. Sherman, Esq.
     Christopher Cole, Esq.
     Christopher C. Frost, Esq.
     Michael D. Mulvaney, Esq.
     Brian David Thomas, Esq.